# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CLIFFORD JAMES SCHUETT,<br><br>　　　　　　　　　Petitioner,<br>　　v.<br><br>WARDEN KOHN, et al.,<br><br>　　　　　　　　　Respondents. | Case No. 2:20-cv-00365-GMN-VCF<br><br>**ORDER** |

　　　　Petitioner Clifford James Schuett has submitted a *pro se* Petition for Writ of Habeas Corpus (ECF No. 1-1) pursuant to 28 U.S.C. § 2241. This habeas matter is before the Court for consideration of Schuett's Application to Proceed *In Forma Pauperis* (ECF No. 1) as well as initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court dismisses the petition following preliminary review.

　　　　First, Schuett failed to either pay the standard filing fee or file a complete application for leave to proceed *in forma pauperis* ("IFP"). Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The court may authorize a prisoner to begin an action without prepaying fees and costs if the he or she submits an IFP application on the approved form along with the appropriate supporting documentation: (1) a financial certificate signed by an authorized prison official, (2) a copy of the prisoner's trust account statement for the six-month period prior to filing, and (3) a financial affidavit and acknowledgement signed by the prisoner showing an inability to prepay fees and costs or give security for them. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2. In this case, Schuett submitted the required affidavit and acknowledgement, but he did not include a financial certificate signed by an authorized prison official or a copy of his inmate trust account statement. However, the Court will not require him to provide the missing documents because the substantial

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

defects explained in this order result in dismissal of his petition.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See also Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Federal law provides two main avenues to relief for legal challenges related to incarceration: (1) a petition for writ of habeas corpus, 28 U.S.C. §§ 2241, 2254, 2255; and (2) a civil rights complaint under the Civil Rights Act of 1871, 42 U.S.C. § 1983, or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)—the federal equivalent of § 1983. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc). Such claims must be brought, if at all, under § 1983 or *Bivens*. If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, he must file a civil rights complaint alleging a § 1983 or *Bivens* theory. *Id.* at 933 ("[P]risoners may not challenge mere conditions of confinement in habeas corpus.") (citing *Crawford v. Bell*, 599 F.2d 890, 891–92 (9th Cir. 1979)).

Here, the petition fails to state a cognizable habeas claim. Petitioner alleges he is currently in custody at the Nevada Southern Detention Center, a federal facility operated by Core Civic, and he names its warden as the respondent. Schuett asserts that his requests for medical treatments and care by doctors and specialists were improperly denied.[2] If he were to succeed on this claim, it would mean only that his conditions of confinement would change. He would not be released from custody any sooner. Because success on Schuett's claims would not lead to his immediate

---

[2] Schuett's petition is largely illegible. Although the Court can discern the gist of his allegations, specifics of his claims are illusive because many words are impossible to read. The petition would therefore also be subject to dismissal, or at a minimum amendment, on the grounds that it is illegible. *See* Habeas Rule 2(c)(4).

or speedier release, they do not fall in the "core" of habeas and must be brought, if at all, in a civil rights complaint alleging a *Bivens* theory.[3]

Additionally, the Court declines to recharacterize Schuett's petition as a *Bivens* complaint. When a habeas petition is amenable to conversion on its face, federal courts may construe the petition to plead civil rights claims. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971); *Nettles*, 830 F.3d. at 935–36. However, habeas actions and prisoner civil rights cases "differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Nettles*, 830 F.3d. at 935–36 (quotation omitted); *see also United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000) (holding that a court should not recharacterize a prisoner's pro se filing as a federal habeas petition when doing so may be to the prisoner's disadvantage). In this case, the petition is not amenable to conversion on its face because it is not clear that Schuett has named the proper defendant or whether recharacterization would disadvantage him. The Court therefore dismisses the petition without prejudice and instructs the Clerk of Court to mail Schuett a blank civil rights complaint suitable for *Bivens* claims.

**IT IS THEREFORE ORDERED:**

1. Petitioner Clifford James Schuett's Petition for Writ of Habeas Corpus (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.
2. Schuett is DENIED a certificate of appealability, as jurists of reason would not find the dismissal of this action to be debatable or wrong.
3. Schuett's Application to Proceed *In Forma Pauperis* (ECF No. 1) is DENIED as moot.
4. The Clerk of Court is instructed to MAIL Schuett (a) a copy of the inmate application to proceed *in forma pauperis* (b) and a form Complaint for Violation of Civil Rights

---

[3] The Court has not completed a review of other potential issues that may arise if Petitioner files a *Bivens* complaint. This order does not explicitly or implicitly find that a *Bivens* complaint would be free of deficiencies, procedural or otherwise. In addition, the Court expresses no opinion regarding the exhaustion of administrative remedies, which is a prerequisite to filing a complaint presenting constitutional claims to the federal courts. 42 U.S.C. § 1997e (Prison Litigation Reform Act or "PLRA"); *Nettles*, 830 F.3d at 932.

(Prisoner): AO Pro Se 14.[4]

5.  The Clerk of Court is further instructed to enter final judgment and close this case.

DATED: May 12, 2020

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

---

[4] The Complaint for Violation of Civil Rights (Prisoner), Pro Se Form 14, is available for download on the United States Courts' website free of charge at https://www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-prisoner.